**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**STEVEN DOUGLAS COLEMAN,**

                              **Plaintiff,**                         **ORDER**

                -against-                            18-CV-5663 (JBW)

**MARIA KIM GRAND,**

                              **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff complains that defendant's production of electronic communications between defendant and third-parties has been inadequate. See Motion to Compel Discovery (June 14, 2019), Electronic Case Filing Docket Entry ("DE") #52. In fact, without submitting any evidence in support of his claim, plaintiff alleges that "Defendant continues to withhold many Communications she knows to be relevant, as she willfully and contumaciously ignores Your Honor's directives." Id. at 2. In response, defense counsel describes the process undertaken to review plaintiff's electronic communications, including the use of "more than 100 search terms and other search parameters derived from Plaintiff's discovery requests, initial disclosures and communications." Affidavit in Opposition (June 18, 2019) ("Aff.in Opp.") ¶ 7, DE #54. Defendant's counsel also demonstrates that opposing counsel had rejected her attempts to negotiate search terms to apply to defendant's electronically stored information. See id. ¶ 10 & Exh. B.

      The Federal Rules require a reasonable search for responsive discovery, not perfection. See Agerbrink v. Model Serv. LLC, 14 Civ. 7841 (JPO) (JCF), 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017). "The producing party is in the best position to evaluate the

procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." Winfield v. City of New York, 15-CV-05236 (LTS) (KHP), 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017). Defendant has reviewed 22,916 documents and produced 6,524 of them. See Aff. in Opp. ¶ 8. Under the circumstances of this case, the defendant's search was reasonable and proportional. Even assuming *arguendo* that some responsive documents were not captured by the search conducted by defendant, plaintiff will not be heard to complain about the adequacy of defendant's search where plaintiff refused to negotiate over the search terms to be applied. See Winfield, 2017 WL 5664852, at *7 ("[c]ollection, review, and production of ESI . . . requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI"); SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 414 (S.D.N.Y. 2009) (rejecting party's "blanket refusal to negotiate a workable search protocol").

Plaintiff's motion to compel is denied. Nevertheless, the parties are directed to confer promptly regarding additional search terms plaintiff now proposes. Any further searches agreed to by the parties will be conducted at plaintiff's expense. The parties are reminded that fact discovery closes on June 28, 2019.

        **SO ORDERED.**

**Dated:**    Brooklyn, New York
             June 21, 2019

                                    /s/ *Roanne L. Mann*
                                    **ROANNE L. MANN**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**